| | |
|---|---|
| KENNETH GERMAIN,<br><br>Plaintiff,<br><br>v.<br><br>J. JANAM, et al.,<br><br>Defendants. | No. 2:18-cv-3041 DB P<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his rights by harassing him and filing false disciplinary reports, which resulted in the loss of good time credits and other privileges. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 8.) Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2), his complaint for screening (ECF No. 1), and his motion for injunctive relief (ECF No. 7). For the reasons set forth below the court will give plaintiff the option to proceed on the complaint as screened or file an amended complaint and will recommend that his motion for injunctive relief be denied.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## SCREENING

### I.     Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more

that "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.      Allegations in the Complaint**

The events giving rise to plaintiff's claim occurred while he was incarcerated at Mule Creek State Prison ("MCSP"). (ECF No. 1 at 1.) Plaintiff names as defendants: (1) correctional officer Justin Janam; (2) Warden Joe Lizarraga; (3) Chief Deputy Warden B. Holmes; (4) Captain

3

Stacy; (5) correctional Lieutenant ("Lt.") R. Rodriguez; (6) correctional Lt. Mercado; (7) correctional officer E. Bradley; (8) correctional Sergeant ("Sgt.") Dobler; (9) correctional Sgt. S. Peterson; (10) correctional Sgt. Ancheta; (11) correctional counselor II R. McFadden; (12) ISU correctional Sgt. S. Palomares; (13) correctional counselor II M. Johnston; (14) appeals coordinator C. White; (15) appeals coordinator T. Meza; (16) appeals coordinator D. Azevedo; (17) correctional officer Mark Gibbs; and (18) the California Department of Corrections and Rehabilitation ("CDCR"). (Id. at 1-6.)

Plaintiff claims that when he arrived at MCSP correctional officer Janam harassed, bullied, and antagonized plaintiff along with other inmates. (Id. at 7.) Plaintiff states that he began using the appeals system to report Janam's behavior, but Janam's supervisors and co-workers turned a blind eye and his behavior continued. On October 10, 2017 Janam searched plaintiff's cell and confiscated several items including a book about corruption within the CDCR. After taking the book Janam took a personal interest in harassing plaintiff. Plaintiff further claims Janam falsified three state documents to punish and retaliate against plaintiff.

Plaintiff claims Janam authored a Rules Violation Report ("RVR") stating Janam received confidential information that plaintiff had an active Facebook account. (Id. at 8.) Plaintiff claims it was later discovered that Janam never received such information and the confidential information form used in the RVR was falsified and signed off on by correctional officer Gibbs. Sgt. Dobler approved the RVR, Lt. Rodriguez found plaintiff guilty, and Chief Disciplinary officer Holmes approved the RVR process. Plaintiff further claims documents supporting his position that the RVR was based on false information was returned to the sender by Palomares in violation of CDCR policy. He claims because his documents were improperly returned he was unable to use them during his second level appeal conducted by Mercado.

Plaintiff claims correctional officers Bradley and Janam are both search and escort officers on third watch and are typically together. (Id. at 9.) Plaintiff states Bradley was included in plaintiff's staff complaints. Plaintiff claims officers Janam and Bradley were unhappy that plaintiff was allowed to continue in his prison job even after he lost some privileges due to the plaintiff's receipt of the RVR for having an active Facebook account. He alleges Bradley

4

attempted to prevent plaintiff from reporting to work on February 24, 2018, but officer Hoppis and Sgt. Williams allowed plaintiff to report to work. (Id. at 10.) He further claims on February 28, 2018 when plaintiff left his cell to report to work officers Bradley and Janam told plaintiff to return to his cell. Plaintiff instead went toward the program office. Janam activated his alarm before plaintiff reached the office and plaintiff received an RVR, authored by Bradley, falsely stating plaintiff failed to obey an order. Plaintiff claims that as punishment he lost his yard privileges for 60 days. He further claims his staff complaints about officers Janam and Bradley were rejected by appeals coordinator Meza.

Plaintiff also claims that Janam and Bradley's supervisor's and co-workers, specifically, Lizarraga, Holmes, Rodriguez, Mercado, Stacy, Dobler, Peterson, Ancheta, McFadden, Palomares, Johnston, While, Meza, and Azevedo displayed deliberate indifference by allowing Janam and Bradley's illegal and unprofessional behavior continue. (Id. at 11.) He further claims they participated by signing off on falsified documents and allowing "bogus" RVRs to be processed. Plaintiff claims they failed to protect him from verbal abuse and threats.

As a result of the RVRs, plaintiff lost good time credits, lost recreational privileges, lost the opportunity to participate in programs where he could earn extra credits, was transferred to a higher security prison, had to drop out of college, lost family contact, and had to take medication to sleep because of stress and anxiety.

Plaintiff requests Janam, Bradley, and Rodriguez be prosecuted for violating his rights and that the other officers be investigated and reprimanded for their actions. He also requests monetary damages, restoration of credits lost as a result of false RVRs, and protection from future retaliation.

**III. Does Plaintiff State a Claim under § 1983?**

**A. Fourteenth Amendment Due Process**

Plaintiff claims his due process rights were violated because he received RVRs based on false information provided by Janam and Bradley.

The filing of a false rules violation report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. See Muhammad v. Rubia, No. C08-3209

JSW PR, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010), aff'd 453 Fed. App'x 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (internal citation omitted); Harper v. Costa, No. CIVS07-2149 LKK DAD P, 2009 WL 1684599, at *2-3 (E.D. Cal. June 16, 2009), aff'd 393 Fed. App'x 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983.").

There are, however, two ways that allegations that an inmate has been subjected to a false disciplinary report can state a cognizable civil rights claim: (1) when the prisoner alleges that the false disciplinary report was filed in retaliation for his exercise of a constitutional right and (2) when the prisoner alleges that she was not afforded procedural due process in a proceeding concerning a false report. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) ("[T]his court has reaffirmed that prisoners may still base retaliation claims on harms that would not raise due process concerns."); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (holding that the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide the prisoner with procedural due process protections); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural protections . . . are provided."); see also Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *3 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirement[] . . . .'") (quoting Hanrahan, 747 F.2d at 1140).

"Prisoners have a First amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Filing prison grievances is a

constitutionally protected activity, and it is impermissible for prison officials to retaliate against prisoners for engaging in those activities. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).

Prisoners subjected to disciplinary action are entitled to certain procedural protections under the Due Process Clause, although they are not entitled to the full panoply of rights afforded to criminal defendants. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Superintendent v. Hill, 472 U.S. 445, 455-456 (1985); United States v. Segal, 549 F.2d 1293, 1296-99 (9th Cir. 1977) (prison disciplinary proceedings command the least amount of due process along the prosecution continuum).

Prison disciplinary actions are subject to the following procedural requirements under Wolff: (1) written notice of the charges; (2) a hearing, with at least 24-hours advance notice; (3) a written statement by the fact finders of the evidence relied on and the reasons for taking disciplinary action; (4) the prisoner's right to call witnesses in his or her defense, if doing so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to prisoners who are illiterate or whose issues are particularly complex. Wolff, 418 U.S. at 556-71.

Here, plaintiff claims that he filed staff complaints naming officers Janam and Bradley, and thereafter Janam and Bradley retaliated by filing false disciplinary reports against him. Plaintiff alleges defendant Gibbs, Rodriguez, Holmes, and Palomares violated his rights based on their involvement in the disciplinary hearing process, but has not alleged facts showing these defendants were aware that the disciplinary report was based on allegedly false information or that he was denied the procedural requirements under Wolff. Accordingly, plaintiff has alleged sufficient facts to state a claim against defendants Janam and Bradley, but has failed to state a claim against defendants Gibbs, Rodriguez, Holmes, and Palomares.

**B. Eighth Amendment**

Plaintiff states his claim arises under the Eighth Amendment and alleges Janam's supervisors and co-workers, Lizarraga, Holmes, Rodriguez, Mercado, Stacy, Dobler, Peterson, Ancheta, McFadden, Palomares, Johnston, White, Meza, and Azevedo, were deliberately

7

indifferent because they failed to stop or prevent Janam's behavior. It appears plaintiff is alleging that he was subjected to conduct in violation of the Eighth Amendment's prohibition of cruel and unusual punishment which, inter alia, protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (as amended). In order to state a claim for violation of the Eighth Amendment, a plaintiff must "objectively show that he was deprived of something 'sufficiently serious,'" and "make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)).

The Eighth Amendment requires prison officials to take reasonable measures to protect inmates from serious risks to their health and safety. Farmer, 511 U.S. at 837; Helling v. McKinney, 509 U.S. 25, 33-34 (1993). To be culpable, a prison official must demonstrate a state of mind of "deliberate indifference." Farmer, 511 U.S. at 834. The "deliberate indifference" standard requires a prison official to have actual, subjective knowledge of an excessive risk of harm to the prisoner's safety and fail to prevent it. Id. at 837-39. This failure must also result in the "denial of 'the minimal civilized measures of life's necessities.'" Id. at 834. Although a prison official may actually know of a substantial risk to inmate health and safety, he is free from liability if he responded reasonably to the risk. Id. at 844.

To the extent plaintiff's claim is based on Janam's harassment, such allegations are not sufficient to state a claim. See Oltarzweski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) ("'Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'" (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)). While plaintiff has alleged that Janam's supervisors, co-workers, and appeals coordinatiors "turned a blind eye" to his behavior, plaintiff has failed to state facts showing that each and every named defendant was aware of Janam's actions. Cooper v. Brown, No. 1:15-cv-0908 DAD GSA P, 2016 WL 2756624 at *4 (E.D. Cal. May 12, 2016) (Conclusory, speculative allegations were not sufficient to state a claim against defendants in supervisory positions). Thus, plaintiff has failed to show

////

that they were aware of some harm to plaintiff and failed to take some action to protect him. Accordingly, plaintiff has failed to state a claim for violation of his Eighth Amendment rights.

Additionally, there is no respondeat superior liability under § 1983. Palmer v. Sanderson, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976)). Mere knowledge of and acquiescence in the conduct of subordinates is insufficient to hold a supervisor liable under § 1983; each government official is liable only for his or her own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).

When a named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Accordingly, plaintiff cannot state a claim against warden Lizarraga, deputy warden Holmes, captain Stacy, Lt. Rodriguez, Lt. Mercado, Sgt. Dobler, Sgt. Peterson, Sgt. Ancheta, and Sgt. Palomares on the theory that as Janam's supervisors, they should have prevented or stopped his improper actions.

**C. No Right to Grievance Procedure**

Plaintiff's alleges defendants Lizarraga, Holmes, Rodriguez, Mercado, Stacy, Dobler, Peterson, Ancheta, McFadden, Palomares, Johnston, White, Meza, and Azevedo, violated his rights based on their roles in handling plaintiff's administrative appeals or grievances. In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim

of entitlement to a grievance procedure. Mann, 855 F.2d at 640. This was reiterated in Ramirez v. Galarza, 334 F.3d 850, 860 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure. Plaintiff has a First Amendment right to file prison grievances but does not have a right to any particular response. Johnson v. Subia, 2010 WL 3767732, *2 n.3 (E.D. Cal. Sept. 22, 2010). "An inmate has no due process rights regarding the proper handling of grievances." Wise v. Washington State Department of Corrections, 244 Fed.Appx. 106, 108 (9th Cir. 2007). Plaintiff has not alleged any facts showing that the defendants who denied his grievances were aware of Janam's alleged improper behavior toward plaintiff. Accordingly, plaintiff cannot state a claim against these defendants solely based on the way they handled his grievance.

### D. CDCR is not a Proper Defendant

The Eleventh Amendment erects a general bar against federal lawsuits brought against the state. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," Wolfson, 616 F.3d at 1066, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012).

The CDCR, as a state agency is entitled to Eleventh Amendment immunity regardless of the relief sought by plaintiff. Accordingly, the court will recommend CDCR be dismissed as a defendant.

### E. Restoration of Good Time Credits

Generally, a plaintiff may not utilize § 1983 to challenge the legality or duration of his or her custody, or raise a constitutional challenge which could entitle him or her to an earlier release; he or she must seek such relief through a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); Preiser v. Rodriguez, 411 U.S. 475, 477 (1973); Young v. Kenny, 907 F.2d 874, 876 (9th Cir. 1990). Further, relief under §1983 for an allegedly unconstitutional conviction or imprisonment does not accrue until the conviction or sentence has been invalidated. Heck v.

Humphrey, 512 U.S. 477, 489-90 (1994). A plaintiff may utilize § 1983, and avoid the Heck bar if he or she can allege facts that show success in the action would not necessarily spell immediate or speedier release. Wilkinson, 544 U.S. at 81 ("[H]abeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement.").

Here, plaintiff is seeking the restoration of good time credits which would entitle him to an earlier release date. Thus, his pursuit of the return of his credits may not be pursued through a § 1983 action until the underlying disciplinary conviction has been invalidated through a habeas action. Plaintiff has not pled any facts indicating his underlying disciplinary convictions have been invalidated pursuant to a successful habeas action. Accordingly, plaintiff is not entitled to restoration of his credits under the favorable-termination doctrine set out in Heck and its progeny. See 28 U.S.C. § 2254; Wilkinson, 544 U.S. at 81-82.

## AMENDING THE COMPLAINT

As stated above, plaintiff has the option to proceed immediately on his claims against defendants Janam and Bradley. If plaintiff chooses to file an amended complaint, he must allege facts demonstrating that the defendants' conduct violated the Eighth Amendment standards set forth in this order.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

11

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies she has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**MOTION FOR INJUNCTIVE RELIEF**

Plaintiff appears to be requesting an injunction directing officials to follow the law and CDCR policy. Plaintiff requests are directed toward "all CDCR officials . . . including but not limited to, CC1 Duran, CCRA W. Nicholas, CCRA M. Accuna . . ." employed at Kern Valley State Prison ("KVSP"), where he is presently housed. He seeks an order directing these individuals to refrain from harassing him, retaliating against him, tampering with his mail, Central File ("C-File"), and release date, blocking his access to the law library, falsifying state documents, and doing anything else that violates the law or CDCR policy. (ECF No. 7 at 2.) Plaintiff also alleges that he meets all the criteria for acceptance into a transitional housing

program at MCSP, but his counselor Duran refuses to do her job and process him out to the program.

**I.      Legal Standards**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits.  See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.  Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims.  See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."

18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[1]

Further, preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not attempt to determine the rights of persons not before the court.").

## II.  Analysis

Plaintiff's motion for injunctive relief seeks an order directing officials at KVSP to recalculate his release date is unrelated to his underlying claim in this action. However, the basis of plaintiff's claims in the present action involve alleged retaliation and false disciplinary charges brought against him while he was housed at MCSP.

"The Supreme Court has recognized that an individual has a liberty interest in being free from incarceration absent a criminal conviction." Lee v. City of Los Angeles, 250 F.3d 668, 683 (9th Cir. 2001) (citing Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992)). "[B]ecause a prisoner's interest in avoiding wrongful detention is a strong one, due process entitles a prisoner with a meaningful and expeditious consideration of claims that the term of prisoner's sentence has been miscalculated." Royal v. Durison, 319 F.Supp.2d 534, 539 (E.D.Pa. 2004). See also Haygood v. Younger, 769 F.2d 1350, 1355-58 (prison officials may be liable if they extend an

////

---

[1] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 16519(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

inmate's prison term, or the inmate's incarceration is otherwise continued past his or her release date without affording the inmate "a meaningful hearing" in advance.).

The court cannot provide the relief plaintiff seeks in his motion because it is unrelated to his underlying claim. See Pacific Radiation Oncology, LLC, v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015) (holding there must be a "sufficient nexus between the request in a motion for injunctive relief and the underlying claim itself."). Plaintiff may be entitled to a hearing regarding the calculation of his release date. However, he may not seek an order from this court regarding his release date because such a request is unrelated to the underlying claim in this action.

Plaintiff is also not entitled to a transfer to any particular prison or prison program. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (conviction sufficiently extinguishes prisoner's liberty interest and empowers the state to confine him in any of its prisons; no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions).

Further, plaintiff directed his motion toward employees at KVSP who are not named as defendants in this action. An injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969). Plaintiff is advised that if he feels the action of the named individuals amounts to a violation of his rights under 42 U.S.C. § 1983, he may seek relief through the grievance system and appeal process at the prison. Once he has exhausted all of his administrative remedies, he may seek help from the courts by filing a new action regarding the events at KVSP.

Finally, at the pleading stage, the court is not in a position to determine questions of the claim's merit which require submission of evidence, versus only a determination as to whether a claim has been plausibly stated. Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008). Because the court cannot presently make a decision regarding the likelihood of plaintiff's success on the merits of his claim, the court will recommend plaintiff's motion for preliminary injunction be denied.

////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to randomly assign this matter to a District Judge.
2. Plaintiff's motion for leave to proceed in forma pauperis is granted.
3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
4. Plaintiff's claim against defendants is dismissed with leave to amend for failure to state a claim.
5. Plaintiff has the option to proceed immediately on his claims against defendants Janam and Bradley as set forth in Section III above, or to amend the complaint.
6. Within fourteen days of service of this order plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a second amended complaint.
7. Failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for injunctive relief (ECF No. 7) be denied; and
2. The CDCR be dismissed as a defendant.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 28, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/germ3041.scrn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH GERMAIN,

    Plaintiff,

v.

J. JANAM, et al.,

    Defendants.

No. 2:18-cv-3041 DB P

PLAINTIFF'S NOTICE ON HOW TO PROCEED

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his claims against defendants Janam and Bradley without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing his claim against defendants Lizarraga, Holmes, Stacy, Rodriguez, Mercado, Dobler, Peterson, Ancheta, McFadden, Palomares, Johnston, White, Meza, Azevedo, and Gibbs without prejudice.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                Kenneth Germain
                                              Plaintiff pro se